### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **REBECCA HENDRIX,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }   Case No. 4:05-CV-1026-RDP |
| | } |
| **RONALD MARLER, et al.,** | } |
| | } |
| Defendants. | } |

### MEMORANDUM OPINION

Pending before the court are the following motions: Plaintiff's October 24, 2006 Motion to Preclude or Limit Testimony of Allen Powers (Doc #26); Plaintiff's November 3, 2006 Motion to Preclude Testimony of Dr. Chris Van Ee (Doc #27); and Plaintiff's December 15, 2006 Motion to Appoint a Medical Expert (Doc #30). For the following reasons, the court finds that each motion is due to be denied.

### DISCUSSION

**I.     Admissibility of Expert Witnesses**

   **A.     Legal Standard**

The Federal Rules of Evidence mandate that a trial judge act as a gatekeeper regarding expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589-93 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."); *see also* FED R. EVID. 702; *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002) ("Rulings on admissibility under *Daubert* inherently require the trial court to conduct an exacting analysis of the proffered expert's methodology."). A trial court is required to filter speculative and unreliable opinions from the jury's consideration and must undertake a preliminary

assessment of whether the expert testimony will be valid and relevant. *McClain v. Metabolife Int'l*, 401 F.3d 1233, 1237-38 (11th Cir. 2005). The burden of establishing an expert opinion's admissibility rests on the opinion's proponent. *Id.* at 1238.

Under *Daubert*, the party offering the opinion must show that the expert's testimony is reliably grounded in scientific knowledge and that the testimony relevantly assists the trier of fact to evaluate the issues in the case. *McDowell v. Brown*, 392 F.3d 1283, 1298–99 (11th Cir. 2004). In *Daubert*, the Supreme Court also provided a non-exhaustive list of factors to facilitate the trial court's review of expert testimony admissibility. *Daubert*, 509 U.S. at 593-94.

**B.     Allen Powers**

Some of the issues regarding the admissibility of Allen Powers' expert testimony can quickly be resolved. Plaintiff concedes that Allen Powers is a well-qualified expert mechanical engineer and the court has found no evidence in the record to contradict this conclusion. Moreover, although Plaintiff has attempted to challenge the relevancy of Powers' proposed expert testimony, the court finds that Powers' opinion may assist a jury's understanding or determination of facts in issue. The accident reconstruction evidence that may be offered by Powers is typically relevant in automobile personal injury cases, especially where a plaintiff claims serious injury as a result. Plaintiff also raises an argument under Rule 403 of the Federal Rules of Evidence, but the court finds no indication at this time that Powers' testimony should be excluded on that basis.[1]

The court has examined Plaintiff's objections to Powers' methodology and finds that his methods appear adequately grounded in science and represent more than just his subjective beliefs

---

[1] This opinion does not foreclose any renewed objections at trial under Rules 401 and 403 to specific aspects of either Powers' or Dr. Van Ee's testimony.

or unsupported assumptions. *See McDowell*, 392 F.3d at 1298. Although Plaintiff has attacked Powers' use of accident photographs, his arguments have not persuaded the court that the testimony is inadmissible. The court has reviewed the cases cited by both parties and the better reasoned opinions have found that accident reconstruction expert testimony may be admissible even without examination of the actual vehicles involved.[2]

Similarly, Plaintiff's challenges to the software programs used by Powers also do not implicate the admissibility of Powers' testimony. There is no support for Plaintiff's hypothesis that Powers cannot offer expert testimony simply because he used computer software to perform his analysis. (Plaintiff's Reply Brief, p.4.) Furthermore, Plaintiff does not provide any specific evidence contradicting the scientific reliability of any computer program used by Powers.

Plaintiff has made a variety of other challenges to Powers' testimony but those are directed to the weight rather than the admissibility of the evidence and do not provide any ground for the court to exclude the testimony *in limine*.

C.   Dr. Chris Van Ee

The court has also engaged in a *Daubert* analysis regarding the expert testimony of Dr. Van Ee. In doing so, the court initially observes Plaintiff's admission that Dr. Van Ee is a well-qualified bio-mechanical engineer and that the court can find no other evidence to contradict his qualifications. Additionally, the court finds that his proposed testimony would be highly relevant to the issues at

---

[2]Although Plaintiff relies upon *Tittsworth v. Robinson*, 475 S.E.2d 261 (Va. 1996) (excluding expert testimony based on multiple inconsistencies), the court finds that cases such as *Sport v. Continental Ins. Co.*, No. 04-1386-KMH, 2006 WL 618271, at *3 (D. Kan. March 10, 2006) (holding that the expert's failure to inspect vehicles did not affect the admissibility of the expert's opinion) are better reasoned and more on point.

trial and that any prejudicial effect does not appear at this time to substantially outweigh its probative value under Rule 403.

The court has examined Dr. Van Ee's methodology and finds that his analysis appears adequately grounded in science and represents more than just his own unsupported opinions. *See McDowell*, 392 F.3d at 1298. Plaintiff has not provided any evidence to undermine that conclusion. The primary objection to Dr. Van Ee's testimony, however, rests on the premise that he is not a medical doctor and accordingly is not competent to render any medical diagnoses. Plaintiff has cited multiple cases in support of her position. Defendants have cited several additional cases regarding the expertise of bio-mechanical engineers. The court has reviewed these cases alongside of Dr. Van Ee's proposed opinion letter in this case.

The field of bio-medical engineering straddles the broader disciplines of medicine and engineering. The case law cited by the parties, taken as a whole, demonstrates that other courts generally have allowed bio-mechanical engineers to testify as expert witnesses regarding some aspects of medical causation, but have not allowed such witnesses to express any opinion about a medical diagnosis or the specific causes of particular injuries. *See, e.g.*, *Cromer v. Mulkey Enters.*, 562 S.E.2d 783, 785-88 (Ga. App. 2002) (discussing whether expert testimony correlated with particular expertise); *Dorsett v. Am. Isuzu Motors*, 805 F. Supp. 1212, 1225-26 (E.D. Pa. 1992) (discussing proper scope of engineering and bio-mechanical engineering testimony).[3]

The court agrees with that approach. While reserving any final decision on the admissibility of specific statements within Dr. Van Ee's opinion as filed, the court notes that there are instances

---

[3]The court observes that Plaintiff has apologized for substantially misquoting the case of *Fairley v. Clark*, 2004 WL 877102 (E.D. La. 2004), in her initial brief on this topic. The court assumes this was an honest mistake.

where his opinion appears to swerve into medical issues on which he may not qualify as an expert. Although the court will not rule *in limine* that Dr. Van Ee may not testify nor will it at this time provide detailed limitations on his testimony, the parties are encouraged to (1) cooperate in attempting to resolve this issue and, if unsuccessful in those efforts, (2) file pre-trial memoranda addressing those areas of his expected testimony that stray from his actual expertise. This approach will allow Plaintiff to renew specific objections to Dr. Van Ee's testimony at trial if the parties cannot resolve the issue by agreement.

## II.     Motion to Appoint Expert

Plaintiff has requested that the court appoint a medical expert to examine Plaintiff and Plaintiff's medical records in order to give an opinion as to whether her back condition and surgery were caused by the relevant accident. Although the Plaintiff has not cited any legal grounds for this motion, the court examines the motion under Rule 706 of the Federal Rules of Evidence. "Where a party requests the appointment of an expert to aid in evaluating evidence that is relevant to a central issue in the case, the court is obligated to fairly consider the request and to provide a reasoned explanation for its ultimate decision on the matter." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1348 (11th Cir. 2003). The court, however, is under no obligation to appoint such an expert. *Id.* at 1348-49.

The court finds no sufficient grounds on which to grant the Plaintiff's motion. Both sides contemplate offering medical testimony and the court is unsure how testimony regarding an additional evaluation would enhance the ability of the trier of fact to resolve relevant issues. *See, e.g.*, *Mallard Bay Drilling v. Bessard*, 145 F.R.D. 405, 406 (D.D.C. 1985) ("the mere fact that the parties' retained experts have expressed divergent opinions does not necessarily warrant that the

Court appoint an expert to aid in resolving the conflict."). Because the court finds no reason to appoint an expert, Plaintiff's motion will be denied.

## CONCLUSION

Based on the foregoing, the motion regarding Allen Powers will be denied; the motion regarding Dr. Chris Van Ee will be denied; and the motion to Appoint a Medical Expert will be denied. The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this   27th   day of March, 2007.

                                            **R. DAVID PROCTOR**
                                            UNITED STATES DISTRICT JUDGE